IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BRIDGET FOREMAN PLAINTIFF

vs. Civil No. 1:26-cv-01036

THE CITY OF NORTH
LITTLE ROCK, ARKANSAS, *et al* DEFENDANTS

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before the Court is the Defendants' Motion to Transfer Venue. ECF No. 7. Plaintiff has not responded to this Motion. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable John Thomas Shepherd, United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

**1. Background**

Plaintiff, Bridget Foreman, as Special Administrator of the Estate of Joseph Smith Sr., and on behalf of the wrongful death beneficiaries of Joseph Smith, Sr. initially filed this Complaint in the Circuit Court of Ouachita County, Arkansas. ECF No. 3. On June 15, 2026, the Defendants removed this matter to this Court. ECF No. 2.

Defendants have filed a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and seek to transfer this action to the United States District Court for the Eastern District of Arkansas, Central Division. ECF No. 7. According to Defendants, the events surrounding Plaintiff's claims occurred in North Little Rock, Pulaski County, Arkansas, which lies within the Eastern District of Arkansas, Central Division. *Id.* Additionally, Defendants state they all reside in or near the

Eastern District of Arkansas, as do key witnesses, that include law enforcement officers, emergency medical personnel, and civilian bystanders. *Id.* Defendants also argue that relevant records, investigative materials, personnel files, and physical evidence are maintained within the Eastern District of Arkansas. *Id.* Plaintiff has not responded to this Motion and the time to do so has passed.

**2. <u>Discussion</u>**

This case was properly removed from state court, therefore 28 U.S.C. § 1391(b) does not apply and venue is proper in this district under 28 U.S.C. § 1441(a). *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66 (1953). Therefore, the issue before the Court is simply whether transferring this case to the Eastern District of Arkansas would be proper pursuant to 28 U.S.C. § 1404(a). "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." The Eighth Circuit has declined to offer an exhaustive list of factors for courts consider in evaluating a motion to transfer. *In re Apple, Inc.,* 602 F.3d 909, 912 (8th Cir. 2010). Rather, district courts have discretion under section 1404(a) "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

**A. Convenience Factors**

Courts consider several relevant factors that directly bear upon the convenience of litigating in a particular court. These factors include: (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law. *Terra Intern., Inc.* 119 F.3d at 696.

In reviewing the convenience factors, they all weigh in favor of transfer. First, all Defendants reside in or near the Eastern District of Arkansas. Second, key witnesses including law enforcement officers, emergency medical personnel, and civilian bystanders also reside in or near the Eastern District. Third, relevant documents including investigative materials, personnel files, and physical evidence would be located within the Eastern District of Arkansas. Fourth, all of the events giving rise to this matter happened in the Eastern District of Arkansas. Finally, regardless of whether or not this case is transferred, Arkansas substantive law applies.

**B. Interest of Justice Factors**

In considering whether transfer is in the interest of justice, courts consider factors such as (1) judicial economy, (2) the plaintiff's initial forum choice, (3) the comparative costs to both parties of litigating in the different forums, (4) enforceability issues for any resulting judgment, (5) obstacles to a fair trial, (6) conflict of law concerns, and (7) the advantage of having a local court determine questions of local law. *Terra Intern., Inc.* 119 F.3d at 696.

The factors of enforceability issues for any resulting judgment, obstacles to a fair trial, conflict of law concerns, and the advantage of having a local court determine questions of local

law would be the same in either district, therefore each of these factors would be neutral in deciding to transfer.

Plaintiff's initial choice of forum of the Western District of Arkansas is given considerable deference. However, courts, including those in this District, have held that when the conduct central to the complaint occurred outside of the chosen forum, plaintiff's initial choice is entitled to less weight. *Miller v. Christus St. Michael Health Sys.*, 2017 WL 2266887, at *4 (W.D. Ark. May 23, 2017). Accordingly, although Plaintiff's initial choice of forum weighs against transfer and is a consideration for the Court, it is not a dispositive factor and must be balanced against the other factors in determining whether to transfer.

Judicial economy concerns weigh strongly in favor of transfer. Courts in the Western District of Arkansas have held that "the administration of justice is served more efficiently when the action is litigated in the forum that more clearly encompasses the locus of operative facts." *Beijing Zhongyi Zhongbiao Elec. Info. Tech. v. Microsoft Corp.*, 2013 WL 3808009, at *5 (W.D. Ark. July 22, 2013). As noted above, the incident that is the subject of the Complaint occurred in the Eastern District of Arkansas, making transfer appropriate.

As for the comparative costs of litigating, these weigh in favor of transferring the matter to the Eastern District of Arkansas based on the fact that the Defendants, several witnesses, and relevant documents are all located in or near the Eastern District of Arkansas.

For all of these reasons, the Court finds that transfer of this matter is warranted "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

3. <u>Conclusion</u>

Accordingly, I recommend Defendants Motion to Transfer Venue (ECF No. 7) be **GRANTED** and Plaintiff's case be transferred to the United States District Court for the Eastern District of Arkansas, Central Division.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**SIGNED** this **24th day of August 2026.**

/s/ Spencer G. Singleton
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE